## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | CASE NO. 1:09-cv-783 |
| **TERRY KNIGHT; DONALD MARK PROVENCE;** | ) ) ) | |
| **Defendants.** | ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

1.     Plaintiff State Farm Fire and Casualty Company (hereinafter "State Farm") is a corporation organized under the laws of the State of Illinois, with its principal place of business located in the State of Illinois, and is authorized to do business in the State of Alabama.

2.     Defendant Terry Knight (hereinafter "Knight") is a resident citizen of the State of Alabama, with his primary residence being located in Baldwin County, Alabama.  He is the Defendant in the underlying case of *Donald Mark Provence v. Terry Knight, et al.*, CV-2009-900237, filed in the Circuit Court of Baldwin County, Alabama.

3.      Defendant Donald Mark Provence (hereinafter "Provence") is a resident citizen of the State of Kansas.  He is the Plaintiff in the underlying case of *Donald Mark Provence v. Terry Knight, et al.*, CV-2009-900237, filed in the Circuit Court of Baldwin County, Alabama.

4.      An actual controversy of a justiciable nature exists between State Farm and the Defendants involving the rights, interests, and liabilities under policies of insurance issued by State Farm to Knight, which said controversy involves policies of insurance with limits of liability in excess of $75,000.  (*See*, Exhibits "A" and "B" attached hereto).

5.      Pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, Knight and Provence are real parties in interest to the instant action based on the underlying suit, *Donald Mark Provence v. Terry Knight, et al.*, CV-2009-900237, filed in the Circuit Court of Baldwin County, Alabama.

6.      The jurisdiction in this cause is pursuant to the Declaratory Judgment Act (28 U.S.C. §2201) and diversity of citizenship (28 U.S.C. §1332).  Venue is appropriate pursuant to 28 U.S.C. §1391.

7.      State Farm provided two renters insurance policies (hereinafter "policies") to Defendant Knight.  Copies of these policies bearing Policy Nos.

2

16-EE-4722-1 and 01-G9-6384-4, and the declarations pages setting forth the policy limits, are attached hereto as Exhibit "A" and Exhibit "B", respectively.

8.     Provence alleges that on August 7, 2008, Provence was helping Knight conduct repairs on Knight's home, which required accessing the roof.  Knight provided a ladder which Provence used to climb onto the roof.  While descending the ladder, Provence fell to the ground.  Provence alleges he: was caused to suffer extreme and serious injuries, including the fracture of fifty percent (50%) of the radius joint in his right elbow, a separated shoulder, a fractured right wrist, bruised ribs, cut and bruised ankle on the left, bruised right side of the left knee; was caused to suffer injury and pain; was made sick, sore and lame; was caused to lose time from work; was caused to suffer mental anguish; and will suffer mental anguish in the future.

9.     Provence alleges that Knight was negligent and wanton in connection with the underlying incident.  Provence is asking for a jury to award actual damages, general  damages, and such other damages as allowed by the State of Alabama in an amount in excess of $75,000.

10.     Pursuant to the policies, State Farm has undertaken to defend Knight pursuant to a reservation of rights notice delivered to Knight.

11.    State Farm files this Complaint for Declaratory Judgment seeking a determination that it has no duty under the policies, discussed further below, to defend and/or indemnify Knight for claims made against him by the underlying Plaintiff due to Knight's failure to cooperate with the defense and collusion with the underlying Plaintiff.

12.    The policies at issue contain the following provisions:[1]

**SECTION II - CONDITIONS**

* * *

**3.**    **"Duties After Loss."**  In case of an accident or **occurrence**, the **insured** shall perform the following duties that apply.  You shall cooperate with us in seeing that these duties are performed:

* * *

c.    at our request, assist in:

* * *

(3)    the conduct of suits and attend hearings and trials; and,

(4)    securing and giving evidence and obtaining the attendance of witnesses;

* * *

---

[1]    Both policies use identical language found in form FP-7954.

4

e.   the **insured** shall not, except at the **insured's** own cost, voluntarily make payments, assume obligations or incur expenses.  This does not apply to expense for first aid to others at the time of the **bodily injury**.

## SECTION I AND SECTION II - CONDITIONS

* * *

2.   **Concealment or Fraud**.  This policy is void as to you and any other insured, if you or any other **insured** under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

(Policy at 16-17).

13.   State Farm avers that Knight violated the conditions of the policies by intentionally misrepresenting one or more material facts after the loss.

14.   State Farm avers that Knight violated the conditions of the policies by breaching the cooperation clause as required by the policy and, therefore, there is no coverage under the express terms of the policies.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff State Farm Fire and Casualty Company seeks the following relief:

a.   that the Court take jurisdiction of this cause;

b.   that the Court order, adjudge, and decree that this is a proper cause for an action of declaratory judgment and that there is a bona fide

controversy between the parties as to their legal rights, duties, status and liabilities;

c.     that the Court declare Plaintiff State Farm Fire and Casualty Company has no duty to defend or indemnify Terry Knight in the lawsuit filed by Donald Mark Provence against him; and,

d.     that the Court grant Plaintiff State Farm Fire and Casualty Company such other, further and different general relief to which it may be entitled.

**RESPECTFULLY SUBMITTED** this the 2nd day of December , 2009.


\s\ Micheal S. Jackson
**MICHEAL S. JACKSON [JACK8173]**
Attorney for Plaintiff State Farm Fire and Casualty Company


**OF COUNSEL:**

**BEERS, ANDERSON, JACKSON,
    PATTY & FAWAL, P.C.**
P.O. Box 1988
Montgomery, Alabama 36102
(334) 834-5311
(334) 834-5362 (Fax)
mjackson@beersanderson.com

**DEFENDANTS MAY BE SERVED VIA
CERTIFIED MAIL, RETURN RECEIPT REQUESTED
AS FOLLOWS:**

Terry Knight
18040 Steele Drive
Foley, AL 36535-5142

Donald Mark Provence
10107 West 89th Street
Overland Park, Kansas 66214