IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION 09-0783-WS-B |
| TERRY KNIGHT, *et al.*, | ) ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the Court on defendant Donald Mark Provence's Motion to Stay Action (doc. 9). The Motion has been briefed and is ripe for disposition.

**I.     Background.**

The genesis of this declaratory judgment action lies in a personal injury lawsuit filed by Donald Mark Provence against Terry Knight in the Circuit Court of Baldwin County, Alabama (the "Underlying Action"), on March 4, 2009. Provence alleged that he was assisting Knight with repairs to the roof of Knight's home in August 2008 when a ladder furnished by Knight "folded up" and threw Provence to the ground, causing him serious injury. Based on these circumstances, Provence asserted causes of action against Knight for negligence and wantonness, theorizing that Knight had provided a defective ladder, failed to warn Provence of the defect, failed to help Provence in using the ladder, and failed to follow proper safety and building procedures. The Underlying Action remains pending in state court, and is set for trial in March 2010. To date, State Farm Fire and Casualty Company has been furnishing a defense to Knight, to whom it had issued two renters insurance policies, in the Underlying Action, subject to a reservation of rights; however, State Farm is not (and has never been) a party to that lawsuit.

On December 2, 2009, nearly nine months after the Underlying Action commenced, State Farm brought this declaratory judgment action against Knight and Provence pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that it has no duty to defend

or indemnify Knight with respect to Provence's claims.[1] The Complaint alleges that Knight violated the conditions of the applicable insurance policies by failing to cooperate with his own defense, colluding with Provence, and intentionally misrepresenting material facts after the loss. (Doc. 1, ¶¶ 11-14.) Thus, State Farm's declaratory judgment claims do not turn on the facts and circumstances of the August 2008 ladder incident *per se*, but instead focus specifically on whether Knight's post-loss conduct amounts to a breach of his contractual duties to State Farm, thereby voiding coverage.[2]

Provence has now moved to stay this declaratory judgment action pending resolution of the Underlying Action. As grounds for the Motion, Provence asserts that "[a]ll of the issues that can be raised, or that would occur, in the Federal Court declaratory action can be resolved in" the earlier-filed Underlying Action, that a stay is warranted pursuant to *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), that State Farm "has an adequate remedy in the state court action," and that "proceeding with the declaratory judgment action while there is an underlying action that would resolve this entire matter is both wasteful and constitutes piecemeal litigation." (Doc. 9, ¶¶ 1-2.)

## II. Governing Legal Principles.

It is well-settled that the Declaratory Judgment Act is properly "understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286. Indeed, the Supreme Court has "repeatedly characterized the

---

[1] "[I]t is well established that the Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts." *Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*, 542 F.3d 859, 861-62 (11th Cir. 2008); *see also Federal Election Com'n v. Reform Party of U.S.*, 479 F.3d 1302, 1307 n.5 (11th Cir. 2007) (explaining that "a suit brought under the Act must state some independent source of jurisdiction"). Nonetheless, federal subject matter jurisdiction is properly grounded here on 28 U.S.C. § 1332, inasmuch as State Farm's citizenship is diverse from that of Knight and Provence and the amount in controversy is well in excess of the $75,000 threshold.

[2] Although not necessary to evaluate the pending Motion to Stay, the Court notes that the factual predicate of State Farm's claims includes evidence that Knight and Provence are lifelong friends (doc. 15, Exh. 4, at 26), that Knight openly admitted liability, and that Knight funneled attorney-client privileged communications from his State Farm-provided counsel to Provence in the Underlying Action (doc. 15, Exh. 3, at 48-49 & Exh. 5).

Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 287 (citations omitted). As the Eleventh Circuit has observed, the Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005); *see also Prudential Ins. Co. of America v. Doe*, 140 F.3d 785, 789 (8th Cir. 1998) ("The Supreme Court's decision in *Wilton* ... vests the district courts with broad discretion in deciding whether to hear a declaratory judgment action."). "The desire of insurance companies ... to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *Westchester Surplus Lines Ins. Co. v. Romar House Ass'n, Inc.*, 2008 WL 5412937, *2 (S.D. Ala. Dec. 29, 2008) (quoting *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 136 (3rd Cir. 2000)).

Nearly seven decades ago, the Supreme Court opined that it would be both "uneconomical" and "vexatious" for a federal district court to hear a declaratory judgment action, concurrently with ongoing proceedings involving the same parties and same legal issues (not arising under federal law) in state court. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). *Brillhart* admonished lower courts scrupulously to avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." *Id.* In the wake of *Brillhart*, courts in this Circuit have long recognized that they have discretion to "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties." *Ven-Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982); *see also Federal Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1247 (11th Cir. 2000) ("A court may exercise its discretion to dismiss a declaratory judgment action in favor of a pending state court proceeding that will resolve the same state law issues."). Provence asks this Court to exercise its discretion in favor of staying this action pending resolution of the Underlying Action.

### III. Analysis.

#### A. *The Motion Relies on Circumstances that Are Not Present.*

As noted *supra*, Provence's Motion to Stay identifies the following grounds for relief: (1) all issues presented in this declaratory judgment action can be resolved in the first-filed Underlying Action; (2) State Farm has an adequate remedy in the Underlying Action; and (3)

allowing these declaratory judgment proceedings to move forward in tandem with the Underlying Action would be wasteful and constitute piecemeal litigation. Unfortunately, the Motion identifies these bases for a stay in a vacuum, divorced from any legal or analytical framework to which they might be applied in analyzing the propriety of a stay.[3] Setting aside this deficiency, Provence's arguments for abstention fail because they presuppose the existence of circumstances that are not present here.

Provence's initial argument is that this action should be stayed because all of the issues presented here can and would be resolved in the Underlying Action. This assertion is simply incorrect. State Farm is not a party to the Underlying Action.[4] The coverage issues animating the declaratory judgment action have not been joined in the Underlying Action. When the Underlying Action goes to trial next month, the jury will not be asked to determine whether Knight breached his post-loss obligations under his State Farm insurance policies and thereby voided coverage. Instead, the jury will be confined to deciding whether Knight is or is not liable to Provence on theories of negligence and wantonness, and if so awarding damages. Thus, at the conclusion of the Underlying Action, the issues joined in this case (namely, whether Knight breached the conditions of the applicable policies of insurance) will remain unresolved and undecided. Contrary to Provence's conclusory contention, the state court action will neither resolve the parties' dispute in its entirety nor obviate the need for further proceedings in the

---

[3] At best, Provence cites two cases and states that "[t]he law is well settled that when ... the underlying action can be resolved without the aid of a declaratory judgment action, then the declaratory judgment action is due to be stayed or dismissed." (Doc. 9, at ¶ 2.) But the cited authorities do not support that proposition. Moreover, the Court's research reveals no legal basis for Provence's suggestion that the touchstone of a district court's discretion to stay a declaratory judgment action is whether that action is necessary to resolve the underlying action, much less any indication that such a principle is "well settled" in the law. Indeed, the nub of the inquiry is not whether the underlying action is somehow dependent on the declaratory action, but is instead whether "considerations of practicality and wise judicial administration" justify staying or dismissing a declaratory judgment action, rather than hearing it. *Wilton*, 515 U.S. at 288.

[4] In light of that irrefutable fact, Provence's hypothesis that "State Farm is contemplating using such evidence" concerning alleged alteration of Knight's discovery responses and strong-arming of witnesses in the Underlying Action is perplexing. (Doc. 15, at 6.) As a non-party, State Farm cannot possibly introduce any evidence in the Underlying Action.

declaratory judgment action.[5]

Next, Provence posits that State Farm "has an adequate remedy in the state court action which is already pending." (Doc. 9, at 2.) In his reply brief, however, he undermines that contention by later arguing that any petition for intervention that State Farm might file in the Underlying Action "is probably untimely" and unlikely to be granted. (Doc. 15, at 10.)[6] If Provence is correct that State Farm would not likely be allowed to intervene in the Underlying Action (which seems reasonable, given the close proximity of the trial and the divergence between the triable issues already joined in that case and the coverage issues that State Farm would seek to inject), then State Farm plainly does not have an adequate remedy in the

---

[5] In his Reply, Provence attempts to bolster his contention that the Underlying Action will encompass the entire dispute by pointing to deposition testimony reflecting the longstanding friendship between Knight and Provence, Knight's admissions of liability, and Knight's discord with his State Farm-furnished attorney over alleged doctoring of discovery responses. According to Provence, these facts will be admissible in the Underlying Action "as to credibility ... and will be one of the issues decided in the state court action." (Doc. 15, at 4.) Elsewhere, Provence states that evidence of Knight's purported false statements, collusion and failure to cooperate "will be admissible on issues that are as simple as credibility." (*Id.* at 9.) In so arguing, however, Provence makes a vast and untenable leap of logic that the admissibility of evidence of Knight's post-loss conduct for credibility purposes somehow implies that the coverage issues joined in this action "will be litigated in the underlying case." (*Id.* at 9.) Such a contention is wholly unsustainable. To be sure, the factfinder in the Underlying Action will be tasked with evaluating Knight's credibility and may consider evidence bearing on same. But that factfinder will not know the terms of State Farm's insurance policies, much less render any verdict as to whether the insured breached the policies and voided coverage. Nor will the jury make formal findings of fact as to whether Knight misrepresented material facts post-loss, colluded with Provence, or failed to cooperate with State Farm. Those issues lie at the heart of State Farm's declaratory judgment action, but they are distinct from the liability issues as between Knight and Provence that are joined in the Underlying Action, and are implicated in that case only in a collateral and indirect fashion insofar as they bear on credibility. In short, then, the coverage issues animating this case plainly will not be presented or resolved in the Underlying Action. Provence's insistence otherwise is unavailing.

[6] The Alabama Supreme Court has recognized that "an insurer has no absolute right to intervene in an action against its insured" and that an insurer's request for permissive intervention to inject coverage issues into an underlying tort action against its insured "is within the broad discretion of the trial court." *QBE Ins. Corp. v. Austin Co.*, --- So.3d ----, 2009 WL 1363568, *2 (Ala. May 15, 2009).

Underlying Action.[7]

Provence's final stated basis for requesting a stay is that "proceeding with the declaratory judgment action while there is an underlying action that would resolve this entire matter is both wasteful and constitutes piecemeal litigation." (Doc. 9, at ¶ 2.) As already noted, however, the Underlying Action would not resolve this entire matter. Even if the Underlying Action is litigated to conclusion, the coverage issues animating State Farm's lawsuit against Knight and Provence will remain in play. There is nothing "wasteful" or "piecemeal" about having a state court lawsuit fix an insured's liability for an underlying personal injury claim, while a contemporaneous federal lawsuit ascertains whether the insurer's coverage obligations for that personal injury claim have been voided by the insured's post-loss conduct. Once again, Provence's position is irreconcilable with the facts.[8]

### B.     Abstention is Not Warranted under Applicable Case Law.

The above discussion demonstrates that the grounds for a stay on which Provence relies do not exist here. The same conclusion holds if a more rigorous legal analysis is applied.

As noted, the decision of whether to hear a declaratory judgment action in the presence of a parallel state court action is discretionary. Here, however, there is no parallel state court action at all; rather, there is merely a <u>related</u> state court action.[9] In such circumstances, courts have

---

[7]     Even if State Farm did have an adequate remedy apart from this declaratory judgment action, Provence has failed to proffer any case law or legal framework of any kind showing how the mere existence of an alternative remedy (without regard to whether that alternative is superior) is germane to the stay calculus.

[8]     To compound the confusing nature of his arguments, Provence adds in his reply brief that a stay is warranted because "State Farm should not be allowed to prevent Provence from having his trial setting in the underlying action in March of this year." (Doc. 15, at 10.) Of course, the mere pendency of this declaratory judgment action will not automatically impair or interfere with the trial setting in the Underlying Action (absent some further ruling by the state court), and Provence's conclusory assertion to the contrary is opaque.

[9]     For purposes of a *Wilton* abstention analysis, "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Scottsdale Ins. Co. v. Detco Industries, Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) (citations omitted); *see also Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744, 752 (7th Cir. 2006) ("Generally, a suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum.") (internal quotation marks omitted). Where the declaratory judgment action is

shown marked reluctance to exercise their discretion to stay or dismiss the declaratory judgment action. One strand of authority has held that in the absence of parallel proceedings, the broad *Wilton* discretion is narrowed. *See, e.g., Scottsdale Ins. Co. v. Detco Industries, Inc.*, 426 F.3d 994, 998 (8th Cir. 2005) ("A number of our sister courts agree that the broad discretion granted in *Wilton* does not apply when there are no parallel state court proceedings."); *Maryland Cas. Co. v. Knight*, 96 F.3d 1284, 1289 (9th Cir. 1996) (observing that cases "in which there are no parallel state court proceedings[ ] lie at the outer boundaries of the district court's discretion under the Declaratory Judgment Act"). An alternative approach in the case law has been simply to consider the dissimilarities between the state and federal lawsuits as part and parcel of the *Wilton / Brillhart* analysis. *See, e.g., Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 394 n.5 (5th Cir. 2003) (where there is a related, but not parallel, state court action, "the federal district court properly considers the extent of similarity between the pending state court and federal court cases" in deciding whether to hear the declaratory judgment action).[10] The Eleventh Circuit does not appear to have had occasion to consider either of these analytical approaches, much less to adopt one or the other.

Even assuming that the full measure of *Wilton* discretion exists here, the Court would remain of the opinion that a stay is inappropriate. In *Ameritas Variable Life Ins. Co. v. Roach*, the Eleventh Circuit furnished district courts with guidance in how to wield their

---

brought by an insurer against an insured, there are no parallel proceedings if "(1) the insurer was not a party to the suit pending in state court; and (2) the state court actions involved issues regarding the insured's liability, whereas the federal suit involved matters of insurance coverage." *Continental Cas. Co. v. Advance Terrazzo & Tile Co.*, 462 F.3d 1002, 1006 (8th Cir. 2006) (citation omitted). That is precisely the case here.

[10] *See also United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002) (degree of similarity between two cases should be considered in making *Brillhart* abstention determination); *Atlantic Cas. Ins. Co. v. GMC Concrete Co.*, 2007 WL 4335499, *3 (S.D. Ala. Dec. 7, 2007) (applying *Wilton / Brillhart* abstention factors and remarking that the bulk of them "only favor abstention when both the state and federal courts are asked to decide the same legal or factual issues"); *Standard Fire Ins. Co. v. Gordon*, 376 F. Supp.2d 218, 230-31 (D.R.I. 2005) (explaining that "the absence of parallel proceedings does not compel the district court to entertain the action" and that the presence or absence of parallel proceedings in state court is simply one relevant consideration).

*Wilton/Brillhart* discretion under the Declaratory Judgment Act in the presence of parallel state proceedings. *Ameritas* emphasized that district courts must balance the interests of federalism, comity, and efficiency in determining whether to hear a declaratory judgment action in those circumstances. 411 F.3d at 1330-31.[11] To assist district courts in this endeavor, *Ameritas* promulgated a non-exhaustive set of "guideposts" to be considered, including: (i) the state's interest in deciding the matter; (ii) whether a judgment in the federal action would completely resolve the controversy; (iii) whether the declaratory judgment action would clarify the parties' legal relations; (iv) whether the federal action amounts to procedural fencing; (v) whether a ruling in the federal action would increase friction between federal and state courts or otherwise encroach on state proceedings; (vi) whether a superior alternative remedy exists; (vii) whether underlying facts are important to informed resolution of the matter; (viii) whether the state court is better situated than the federal court to evaluate those facts; and (ix) the nexus (if any) between the underlying issues and state law/policy, and whether federal common or statutory law requires resolution of the declaratory action. *See id.* at 1331; *see also Lexington Ins. Co. v. Rolison*, 434 F. Supp.2d 1228, 1238-44 (S.D. Ala. 2006) (applying *Ameritas* guideposts in context of declaratory judgment action filed by insurer after entry of state court judgment against insured).

The parties have failed to acknowledge the *Ameritas* guideposts or to discuss their application to this case. Nonetheless, the Court is of the opinion that the bulk of those guideposts (including the state's interest in deciding the matter, the likelihood of friction between state and federal courts or encroachment on state proceedings, the importance of underlying facts, the relative posture of state and federal courts to decide those facts, and whether policy/legal considerations support the state or federal court deciding the matter) do not favor abstention here because the issues that State Farm is asking this Court to decide are distinct

---

[11] These considerations have been echoed by other appellate courts. *See, e.g., Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (federal court "should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation"); *Mitcheson v. Harris*, 955 F.2d 235, 237-39 (4th Cir. 1992) (citing as reasons to dismiss declaratory actions the philosophy of judicial federalism, as well as pragmatic concerns of efficiency and comity).

from those joined in the Underlying Action, such that interests of federalism, comity and efficiency are not implicated. Stated differently, there is no reasonable risk of inconsistent rulings, duplication of effort, or federal entanglement with the state court proceedings. Moreover, this declaratory judgment action would undoubtedly clarify the legal relations of the parties by fixing State Farm's coverage obligations to Knight with respect to Provence's personal injury claims. Far from being wasteful or inefficient, allowing this declaratory judgment action to proceed would provide substantial benefits to all parties by affording them certainty as to the currently murky status of State Farm's duties to Knight, and the availability of State Farm resources for any judgment that Provence may obtain against Knight in the Underlying Action.

In short, then, the Court finds that this declaratory judgment action does not constitute gratuitous interference with the orderly and comprehensive disposition of the pending state court litigation between Knight and Provence. It does not foster tension between federal and state courts. It does not breed redundancy or risk inconsistent determinations by multiple tribunals. It does not run afoul of considerations of practicality and wise judicial administration. Accordingly, the Court will not exercise its discretion to stay this declaratory judgment action pending resolution of the tort action between Knight and Provence in state court.

**IV.     Conclusion.**

For all of the foregoing reasons, the Motion to Stay (doc. 9) is **denied**.

DONE and ORDERED this 11th day of February, 2010.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE
